IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     : | |
| : | |
| Plaintiff,     : | |
| : | CASE NO. |
| v.     : | 1:11-CR-239-CAP-29 |
| : | |
| TOMAR SHAW,     : | |
| : | |
| Defendant.     : | |
| : | |

### DEFENDANT'S POST-HEARING BRIEF
### REGARDING MOTION TO SUPPRESS EVIDENCE

Defendant Shaw ("Shaw") files this post-hearing brief regarding his motion to suppress evidence, and respectfully shows as follows:

## INTRODUCTION

This Court should grant Shaw's motion to suppress all evidence obtained pursuant to the search of the three cell phones found in Shaw's possession when he was placed under arrest, because the evidence was obtained in violation of Shaw's Fourth Amendment rights.

On August 16, 2011, Shaw moved to suppress all evidence in this case. [Doc. 362]. This Court held a hearing on Shaw's motion to suppress on October 11, 2011. At this hearing, the Court heard the testimony of agents Gregory Malloy and Leonard Purvines. After the evidentiary hearing, the Court directed Shaw to

submit a post-hearing brief in support of the motion to suppress. Shaw submits this brief per the Court's request.

## STATEMENT OF FACTS

On June 8, 2011, Shaw was arrested by D.E.A. agents pursuant to an arrest warrant issued in connection with the indictment in the present case. (T. 17, 30).[1] Immediately prior to his arrest, Shaw was seated inside of a vehicle parked in the driveway of a residence at 4262 Derby Loop Lane. (T. 18, 32). Special Agent Malloy and other D.E.A. agents approached the vehicle with weapons drawn and ordered Shaw to put his hands up and exit the vehicle. (T. 18). Once Shaw exited the vehicle, he was handcuffed and placed under arrest. (T. 18). Agents conducted a pat-down search of Shaw's person, which revealed three cell phones in Shaw's pockets. (T. 19). Special Agent Malloy turned the phones over to T.F.O. Leonard Purvines. (T. 20). T.F.O. Purvines went inside of the residence and conducted an inventory search of the phones, accessing the contact lists in the phones and writing down the phone numbers that he discovered. (T. 20-22). While this was taking place, Shaw remained in custody outside of the residence. (T. 21). T.F.O. Purvines created a handwritten list of the information that he took from the phones and turned a copy of the list over to the U.S. Attorney's Office. (T. 25). The

---

[1] Transcript of Magistrate Proceedings before the Honorable E. Clayton Scofield III, October 11, 2011. Citations to this transcript appear as follows: "**(T. [Page No.])**"

handwritten notes were placed in an evidence bag by T.F.O. Purvines and placed in a vault. (T. 26).

For the next several months, nothing was done with the handwritten contact information or the cell phones. (T. 26). At some point after that, when the Government became aware that defense counsel for Shaw sought to challenge the legality of the search of the phones, the decision was made by the agents and the U.S. Attorney's Office to obtain a search warrant for the phones. (T. 27-28). Search warrants were obtained for the three phones on September 7, 2011, approximately three months after they were seized by Special Agent Malloy. (T. 16; Gov't. Ex. 2, 3, 4). Shaw now seeks to suppress all evidence obtained pursuant to those search warrants.

## ARGUMENT AND CITATION OF AUTHORITY

**THE COURT SHOULD GRANT SHAW'S MOTION TO SUPPRESS BECAUSE THE GOVERNMENT'S DELAY IN OBTAINING A SEARCH WARRANT VIOLATED SHAW'S FOURTH AMENDMENT RIGHTS.**

Even if a seizure is lawful at its inception, it can nevertheless violate the Fourth Amendment where it unreasonably infringes on a defendant's possessory interests protected by the Fourth Amendment's prohibition on unreasonable searches. *United States v. Jacobsen*, 466 U.S. 109, 124 (1984). Thus, "even a seizure based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant." *United States v. Mitchell*, 565 F.3d

3

1347, 1350 (11th Cir. 2009)(quoting *United States v. Martin*, 157 F.3d 46, 54 (2nd Cir. 1998)). The reasonableness of the delay is determined in light of all the facts and circumstances on a case-by-case basis, with a "careful balancing of governmental and private interests." *United States v. Mayomi*, 873 F.2d 1049, 1054 (7th Cir. 1989); *United States v. Prevo*, 435 F.3d 1343, 1345 (11th Cir. 2006).

In *Mitchell*, agents seized a computer hard drive from the home of the defendant, believing that the hard drive contained child pornography. *Mitchell*, 565 F.3d at 1349. The agent tasked with searching the hard drive waited three weeks before obtaining a search warrant and conducting the search. *Id*. at 1349-50. The defendant moved to suppress the evidence discovered as a result of the search, arguing that the agent's delay in obtaining a search warrant was unreasonable. *Id*. at 1350. The Government argued that the agent was unavailable for two weeks after the initial seizure of the hard drive because he was attending a training course, and therefore the delay was justified and reasonable. *Id*. at 1349. Nevertheless, the Eleventh Circuit held that the three-week delay in obtaining a search warrant was unreasonable, and that the evidence obtained from the hard drive should have been suppressed. *Id*. at 1352.

The *Mitchell* court noted that the highly personal and private nature of computer hard drives gives rise to a significant possessory interest, and thus an unreasonable delay in obtaining a search warrant constitutes a significant

4

interference with that interest. *Id*. at 1351. Specifically, the court recognized that individuals often store personal communications, photographs, financial information, and other such private information on computer hard drives. *Id*. In the present case, these same principles apply regarding the private nature of information stored on cell phones. Cell phones are typically used to store a large volume of contact information as well as records of personal communications in the form of text messages, e-mails, and voicemails. Further, cell phones often contain a time log of incoming and outgoing calls, emails and text messages with time stamps, and a variety of other personal data concerning the owner's activities. Many cell phones even contain highly detailed personal data regarding the owner's whereabouts using GPS technology, mapping and navigation data, and location tracking by way of social networking services. Thus, like the privacy interest in hard drives recognized by the *Mitchell* court, cell phones contain a wealth of private information that gives rise to a significant possessory interest, and an unreasonable delay in obtaining a search warrant while holding an individual's cell phone constitutes a clear interference with that interest.

The Supreme Court has avoided creating a bright-line test of reasonableness regarding delays in obtaining search warrants. *United States v. Van Leeuwen*, 397 U.S. 249, 253 (1970)(holding that a 29-hour delay in obtaining a search warrant was reasonable). However, a survey of prior cases involving this analysis is highly

instructive in the present case. *Compare United States v. Martin*, 157 F.3d 46 (2nd Cir. 1998)(holding that an 11-day delay in obtaining a search warrant was reasonable); *United States v. Respress*, 9 F.3d 483 (6th Cir. 1993)(holding that a 10-hour delay was reasonable); *United States v. Jodoin*, 672 F.2d 232 (1st Cir. 1982)(holding that a 3-day delay was reasonable); *United States v. Mayomi*, 873 F.2d 1049 (7th Cir. 1989)(holding that a 48-hour delay was reasonable); *United States v. Hillison*, 733 F.2d 692 (9th Cir. 1984)(holding that a 9-hour delay was reasonable); *with United States v. Dass*, 849 F.2d 414 (9th Cir. 1988)(holding that delays ranging from 7 to 23 days were unreasonable). In the present case, the delay of three months in obtaining a search warrant far exceeds the delays described in the above-cited cases, including the delay of 23 days that the Ninth Circuit found unreasonable in *Dass*. Although there is no bright-line rule for this inquiry, it bears noting that the range of delays held reasonable by other courts are typically measured in hours or days, not in months, as we find in the present case. Because the three-month delay in the present case is substantially longer than delays considered by other courts, it follows that this extreme delay should weigh heavily in favor of Shaw.

In addition to the significant length of time that Government delayed in obtaining a search warrant, it is important for this court to consider the *reasons* for their delay. The Ninth Circuit, in finding delays of 7 to 23 days unreasonable,

recognized that the delays could have been significantly shorter if the police had acted diligently in obtaining search warrants. *Dass*, 849 F.2d at 415. Similarly, in *Mitchell*, the Eleventh Circuit held that the agent who seized the defendant's hard drive could have been more diligent in obtaining a search warrant, rendering the delay unreasonable. *Mitchell*, 565 F.3d at 1351-52. The Eleventh Circuit even noted a number of factors that might have ameliorated the harm caused by the agent's delay in obtaining a search warrant, including (1) if the officer sought the assistance of another law enforcement officer in obtaining a warrant, (2) if overriding circumstances diverted law enforcement personnel to another case, or (3) if the law enforcement officials were merely overwhelmed by the investigation. *Id.* at 1352-53.

Turning to the present case, we find no evidence that would provide any reasonable justification for the delay in obtaining a search warrant for three months. There is no evidence that the agents attempted or planned to obtain a search warrant sooner, nor is there evidence that any external factors caused the delay. In fact, the Government only obtained a search warrant for the phones after defense counsel sought to challenge the legality of the initial search. Accordingly, not only did the Government fail to make reasonable efforts to obtain search warrants in a timely fashion, but the evidence presented to this court shows that the Government did not make *any* efforts whatsoever to obtain a search warrant during

the three-month period that the phones were under their control. Applying the *Mitchell* court's reasoning to the present case, it is clear that the delays in obtaining a search warrant were unreasonable and thus the delay constitutes a substantial interference with Shaw's valid privacy interest in the phones. Accordingly, the evidence obtained as a result of the search warrants was obtained in violation of Shaw's Fourth Amendment rights, and must be suppressed.

## CONCLUSION

The Court should grant Shaw's motion because the Government's delay in obtaining a search warrant violated Shaw's Fourth Amendment rights. Thus, Shaw respectfully requests that this Court grant his motion to suppress.

Respectfully submitted,

*/s/ Steven H. Sadow*
STEVEN H. SADOW
Georgia Bar No. 622075
Attorney for Defendant

260 Peachtree Street, N.W.
Suite 2502
Atlanta, GA 30303
(404) 577-1400

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2011, I electronically filed the foregoing document with the Clerk of Court using the ECF system that will automatically send e-mail notification of such filing to all parties of record.

*/s/ Steven H. Sadow*
STEVEN H. SADOW