IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:11-CR-239-29-CAP |
| TOMAR SHAW | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S BRIEF IN SUPPORT
OF HIS MOTION TO SUPPRESS EVIDENCE

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Lisa W. Tarvin, Assistant United States Attorney for the Northern District of Georgia, and files this response to the Defendant's Brief in Support of his Motion to Suppress Evidence, and shows this Court as follows:

Statement of Facts

The Government does not take issue, for the purposes of resolving this matter, with the facts recited in Mr. Shaw's brief (Doc. 470-2-3), and will add to those facts the following:

1.    Mr. Shaw was indicted on May 11, 2011, in an initial indictment, along with thirty-one (31) co-defendants, with charges relating to a massive drug conspiracy. (Doc. 1).  A later superceding indictment added a 32nd co-defendant.  (Doc. 149).  The indictment was the result of a nearly

three-year long wiretap investigation that monitored approximately 42 telephones and resulted in the seizure of controlled substances and drug proceeds. (Gov't Exhibit 1, ¶ 7).

2.      During the investigation, Mr. Shaw was monitored on a wiretap discussing drug trafficking on a Sprint HTC telephone (678-362-7217), which was one of the three cellphones seized from Mr. Shaw on June 8, 2011. (Gov't Exhibit 1, ¶ 12b(1)).

3.      After Mr. Shaw was arrested on June 8, 2011, he was detained pending trial by Magistrate Judge C. Christopher Hagy, and has remained in the custody of the United States Marshal's Service since that date. (Doc. 143).

4.      While Mr. Shaw gave notice to the Government, prior to the hearing on this matter, that he would be challenging the legality of the seizure and search of the three cellphones recovered from him on June 8, 2001 (T. 10, 27-28), there is no evidence that Mr. Shaw ever requested return of the cellphones, which are being held by the Government as evidence of the conspiracy. (T. 14-15, 27-28).[1]

---

[1]As an inmate in a custodial facility, Mr. Shaw is not entitled to take possession of or to use a cellphone, regardless.

Argument and Citation of Authority

The Application For And Execution of the Search Warrant on the
Cellular Telephones Seized From Mr. Shaw, Which Came Three Months
After the Telephones Were Lawfully Seized and Searched Incident to
His Arrest, Did Not Violate Mr. Shaw's Fourth Amendment Rights and
the Evidence Obtained From the Telephones Pursuant to the Execution
of the Search Warrant Should Not Be Suppressed.

On June 8, 2011, law enforcement agents seized three cellular telephones from

Mr. Shaw's person incident to his arrest based upon a valid arrest warrant.  (T. 17-19,

30).  While still at the scene of the arrest, agents "searched" the cellphones by looking

at the call logs and contact lists contained on the cellphones and making handwritten

notes of the numbers shown therein.  (T. 35-36).  As this Court noted in a recent

Report and Recommendation:

> [C]ourts have consistently found probable cause to search cell phones
> seized in connection with drug related arrests.  U.S. v. Quintana, 594
> F.Supp.2d 1291, 1299 (M.D. Fla. 2009) (collecting cases).  In so
> holding, "courts recognize[] that the devices may have been used to
> communicate with others participating in . . . drug-trafficking [and,
> c]onsequently, there [is] a reasonable probability that information stored
> on the device [will lead to] evidence of the arrestee's crime."  Id.
> (Quoting U.S. v. Finley, 477 F.3d 250, 260 (5th Cir. 2007)).

(Report and Recommendation, Case 1:09-CR-454-CAP-ECS, Doc. 124-7-8).[2]

---

[2]While indicating at the hearing that he may challenge the seizure of the
telephones and search incident to arrest at the scene, Mr. Shaw appears to have
abandoned that argument.  The opening phrase of Mr. Shaw's argument, "[e]ven if
a seizure is lawful at its inception," and the lack of any argument otherwise,
indicates the argument has been abandoned.  The Government respectfully requests
this Court treat it as such.

Following the initial seizure and search incident to his arrest, the agents placed the cellphones, and the handwritten notes, in an evidence bag and stored them in evidence to be used in the later prosecution of Mr. Shaw. (T. 35-36). Nothing more was done with the cellphones while the thirty-three (33) defendant case proceeded through the early stages of pre-trial motions and matters, including detention of defendants, discovery, and initial hearings. Mr. Shaw did not request return of any of the three cellphones, and, as an inmate at a USMS facility, is not entitled to possession or use of the cellphones in any event. After Mr. Shaw, through his counsel, challenged the legality of the search and seizure of the cellphones, the Government sought and obtained a search warrant for the cellphones. (T. 27-29). A second, more thorough, search of the cellphones (i.e. the data stored in the cellphones) was conducted, pursuant to the search warrant, and information greater than that recovered in the initial, more cursory, search incident to arrest was recovered. (T. 10-11).

Mr. Shaw contends, not that the search warrant was invalid or lacking in probable cause, but that the delay between the initial seizure and search incident to arrest on June 8, 2011, and the date of the search warrant, September 7, 2011, violated his Fourth Amendment rights. (Doc. 470-3). Mr. Shaw contends that the length of the delay and the reasons for the delay unreasonably deprived him of his possessory

interest in the cellphones, and cites <u>United States v. Mitchell</u>, 565 F.3d 1347, 1350 (11th Cir. 2009), and other similar cases in support of his argument.  (Doc. 470-3-6).  The Government contends, however, that Mr. Shaw has not established, nor even alleged, that the length of time between the initial search and the second search (search warrant) adversely affected legitimate interests protected by the Fourth Amendment.  Therefore, Mr. Shaw's Fourth Amendment rights were not violated by the delay in obtaining a search warrant for the cellphones.

In <u>Mitchell</u>, heavily relied upon by Mr. Shaw, as in the other cases he cites, the Court focused on the "significant interference with [the defendant's] possessory interest" that resulted from the delay between the probable cause seizure of an item (a computer hard drive in <u>Mitchell</u>) and the application for and execution of a search warrant.  <u>Mitchell</u>, 565 F.3d at 1351.  The police, in the <u>Mitchell</u> case, while having probable cause to seize the computer hard drive, based on Mitchell's admission to having child pornography stored on it, did not arrest Mitchell and, therefore, did not have authority to seize the hard drive incident to arrest.  <u>Id.</u> at 1350-51.  Because Mitchell was not under arrest *and* because the incriminating nature of the data stored on the hard drive could not be determined until it was searched, the Court noted that Mitchell's "possessory interest at stake was substantial."  <u>Id.</u>  This is because, in a situation such as in <u>Mitchell</u>,

> [T]he purpose of securing a search warrant soon after a suspect is dispossessed of a closed container reasonably believed to contain contraband is to ensure its prompt return should the search reveal no such incriminating evidence, for in that event the government would be obligated to return the container (*unless it had some other evidentiary value*).  In the ordinary case, the sooner the warrant issues, the sooner the property owner's possessory rights can be restored if the search reveals nothing incriminating.

<u>Id.</u> at 1352 (emphasis added).

The same rationale is true of the other cases cited by Mr. Shaw.  In situations involving computer hard drives seized based on probable cause to believe child pornography is stored on them or involving packages in the U.S. Mail suspected of containing narcotics or other contraband, the overriding concern for the courts in determining whether a lengthy delay in obtaining a search warrant violates a suspect's Fourth Amendment rights is whether the suspect has a possessory interest in the items. <u>See</u> <u>e.g.</u> <u>United States v. Mayomi</u>, 873 F.2d 1049, 1054 (7th Cir. 1989)(involving detention of mail suspected of containing drugs); <u>United States v. Dass</u>, 849 F.2d 414, 415 (9th Cir. 1988)(involving detention of mailed package suspected of containing drugs).  Suspects not under arrest retain a possessory interest in mail, packages, and other items that are detained based upon suspicion, or even probable cause, and the purpose of securing a search warrant without unreasonable delay is, per <u>Mitchell</u>, to ensure that those items may be delivered or returned to their owner if they are searched and found not to contain incriminating evidence.

But, as is clear from Mitchell and the other cases cited, if a defendant has no possessory interest in an item seized *or* if the item is seized as incriminating evidence incident to arrest and, therefore, has evidentiary value in and of itself, there is no right to return of that property.  In the present case, unlike in Mitchell, Mr. Shaw's cellphones were not seized based upon suspicion - they were seized incident to a lawful arrest as evidence of the criminal activity for which Mr. Shaw was indicted. Mr. Shaw was charged with engaging in a long-running conspiracy to distribute narcotics based in large part upon his conversations on and use of cellular telephones. Those cellphones, regardless of the information contained within them, had evidentiary value in and of themselves, which is why they were processed and retained by the agents as evidence.  Moreover, since he is in custody, Mr. Shaw is not entitled to possession of the cellphones, unlike the defendant in Mitchell or those whose mail or packages were detained.  Because Mr. Shaw cannot possess the cellphones and because the cellphones themselves are evidence, Mr. Shaw has no possessory rights in the cellphones and his Fourth Amendment rights were not implicated by the search warrant three months after their seizure.

In addition, Mr. Shaw never asked for the return of the cellphones.  If a defendant does not seek the return of property, he cannot claim that a delay in obtaining a search warrant has adversely affected his Fourth Amendment rights.

United States v. Stabile, 633 F.3d 219, 235-236 (3rd Cir. 2011).  In Stabile, the

defendant consented to police seizure of a computer hard drives so that the police

could search for evidence of suspected financial fraud and child pornography.  Id. at

226.  However, the police did not arrest the defendant and did not obtain a search

warrant until three months later.  Id.   The defendant later moved to exclude the

evidence found during the search and, relying, as Mr. Shaw herein did, on Mitchell,

argued that the three-month delay violated his Fourth Amendment rights.  Id. at 235.

The Third Circuit disagreed and held that the delay, while of some concern, did

not violate the defendant's Fourth Amendment rights because the delay did not

adversely affect the defendant's possessory interest in the computer hard drives.  Id.

at 235-236.  Though the defendant claimed he needed the computer equipment for

work, the Court was persuaded by the fact that the defendant never asked for the

return of the items.  Id.

> [I]t is undisputed that Stabile did not ask for the return of his hard drives
> until February 15, 2008 - eighteen months after the initial seizure of the
> hard drives.  See United States v. Johns, 469 U.S. 478, 487, 105 S.Ct.
> 881, 83 L.Ed.2d 890 (1985) (defendants who "never sought return of the
> property" cannot argue that delay adversely affected Fourth Amendment
> rights).

Id.

In Johns, the Supreme Court took up the issue of whether a delayed search of

packages, which were seized from vehicles based upon probable cause that they

contained contraband, violated the defendants' Fourth Amendment rights. 469 U.S. at 480, 105 S.Ct. at 883. The defendants did not contest the legality of the initial search and seizure of the packages from the vehicles, but later argued that the delay in completing a more thorough search of the packages violated their rights. Id. In reversing the lower court and holding that the delay in the search of the packages did not violate the defendants' rights, the Court noted that:

> Respondents do not challenge the legitimacy of the seizure of the trucks or the packages, and they never sought return of the property. Thus, respondents have not even alleged, much less proved, that the delay in the search of packages adversely affected legitimate interests protected by the Fourth Amendment.

Id. at 487, 105 S.Ct. 887.

As in Stabile and Johns, Mr. Shaw does not challenge the legitimacy of the initial seizure of the cellphones, nor the subsequent search of those cellphones at the arrest scene, incident to his arrest. Moreover, as in the cited cases, Mr. Shaw has never sought the return of the cellphones. Perhaps most importantly, however, Mr. Shaw has "not even alleged, much less proved" that the delay in obtaining and executing a search warrant on the cellphones affected his legitimate Fourth Amendment interests in the cellphones. The cellphones have independent evidentiary value and are not subject to being returned to Mr. Shaw and, even if they had been, Mr. Shaw is incarcerated and cannot lawfully possess or use the cellphones.

Therefore, Mr. Shaw's possessory interests in the cellphones have not been impacted, and the three-month delay in conducting a second search of the cellphones pursuant to a search warrant did not prejudice Mr. Shaw or violate his Fourth Amendment rights.  Suppression of the evidence gathered as a result of the second search is not warranted.

<u>Conclusion</u>

Therefore, based on the foregoing reasons, the Government respectfully requests the Court to DENY Mr. Shaw's motion to suppress evidence.

Respectfully submitted,

SALLY Q. YATES
UNITED STATES ATTORNEY

/s/ *Lisa W. Tarvin*

LISA W. TARVIN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No.
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6000

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document electronically:

Steven H. Sadow
260 Peachtree Street, NW
Suite 2502
Atlanta, GA 30303

This 5th day of December, 2011.

/s/ *Lisa W. Tarvin*

LISA W. TARVIN
ASSISTANT UNITED STATES ATTORNEY