IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | NO. 1:11-cr-239-29-CAP-ECS |
| : | |
| TOMAR SHAW, : | |
| *a/k/a* "Jay" : | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**I.**

This matter is presently before the court on Defendant's preliminary and amended motions to suppress evidence. [Docs. 362, 338]. The motion came on for evidentiary hearing on October 11, 2011, and the transcript has been filed.[1] [Doc. 453]. The parties have also briefed the motion to suppress and the motion is, therefore, ready for a Report and Recommendation to the District Judge. For the reasons stated herein, the undersigned **RECOMMENDS** that the motions to suppress evidence, [Docs. 362, 338], be **GRANTED**.

**II.**
**Summary of Issues**

The issue presented by Defendant's motion is whether the government's delay of more than ninety days in obtaining a search warrant for three cell phones seized incident to Defendant's arrest

---

[1] References to pages of the transcript of the evidentiary hearing will be shown as [T. - ].

violated Defendant's Fourth Amendment rights. Defendant relies upon United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009), which held that a twenty-one day delay in obtaining a search warrant for a lawfully seized computer hard drive was unreasonable, requiring grant of Defendant's motion to suppress. Id. at 1353. The government argues that Mitchell is distinguishable, and cites to United States v. Stabile, 633 F.3d 219 (3d Cir. 2011), a Third Circuit decision upholding a consent seizure of computer hard drives where Defendant was neither arrested nor a search warrant obtained until three months after the seizure.

### III.
### Discussion

**A. The Facts.**

The facts pertinent to the motion are as follows: Defendant was arrested by federal agents on June 8, 2011, on an arrest warrant based upon the indictment in this case. [T. 17, 30]. The indictment charges Defendant in two counts with federal drug conspiracy. [T. 30]; [Docs. 1, 149]. Defendant was arrested while sitting in a truck parked outside a residence located at 4262 Derby Loop Lane in Atlanta. [T. 18]. He was handcuffed, taken out of the truck, and placed on the ground. [T. 18, 32]. He was also subjected to a pat-down. [T. 19]. As a result of the pat-down, DEA Agent Mike Darby seized three cell phones that were found in

Defendant's pockets. [Id.]. The phones were then turned over to DEA Agent Purvines. [Id.]. Agent Purvines went into the residence and made a written inventory of the cell phone numbers, contact lists, and other information immediately accessible from the phones. [T. 21-22, 31]; see Ex. 5. He also scanned through the photographs on the phones. [T. 36-37]. He bagged and placed the inventory and the cell phones into evidence. [T. 26, 36].

Defendant was detained without bond after his arrest and has remained in federal custody since his arrest. [Doc. 143]. There is no evidence that Defendant ever requested the return of his cell phones. The cell phones and the inventory remained in evidence and the phones were not searched further until sometime after September 7, 2011, when the government applied for and obtained warrants to search the cell phones. [T. 27-28, 36]; see Gov. Ex. 1, 1a, 1b, 1c.

**B. Did the government act with unreasonable delay in securing the search warrants for the cell phones?**

The Defendant does not contest the initial seizure of the cell phones incident to Defendant's arrest on June 8, 2011. [T. 5]. However, "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable searches.'" United States v. Jacobsen, 466 U.S. 109, 124, 104 S.Ct. 1652 (1984). "Thus, 'even a seizure

based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant.'" Mitchell, 565 F.3d at 1350 (quoting United States v. Martin, 157 F.3d 46, 54 (2d Cir. 1998)). "The reasonableness of the delay is determined 'in light of all the facts and circumstances,' and 'on a case-by-case basis.'" Id. at 1351 (citing United States v. Mayomi, 873 F.2d 1049, 1054 n.6 (7th Cir. 1989)). "[T]he reasonableness determination will reflect a 'careful balancing of governmental and private interests.'" Id. (quoting Soldal v. Cook Cnty., 506 U.S. 56, 71, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992)).

In Mitchell, agents seized a computer hard drive from Defendant's computer after Defendant admitted that the computer "probably" contained child pornography. 565 F.3d at 1349. Twenty-one days later, the agents sought and obtained a search warrant for the hard drive, after which the agents searched the hard drive and discovered child pornography. Id. at 1350. Acknowledging that individuals store personal information, letters, emails, financial information, family photos and other items on their computer hard drives, the Court found that the detention of the hard drive for more than three weeks constituted a significant interference with Defendant's possessory interest. Id. at 1351. Weighing Defendant's substantial possessory interest against the fact that there was no compelling justification for the delay, the Court found the twenty-

4

one day delay to be unreasonable, warranting suppression. Id. at 1353.

The facts of the instant case are not materially distinguishable from Mitchell and dictate the same result. In Mitchell, the computer hard drive was seized without Defendant's consent based upon the officers' belief it might contain child pornography. Likewise, in the instant case, the three cell phones were seized without Defendant's consent, incident to arrest and based upon probable cause to believe the phones may have been used in furtherance of the indicted drug conspiracy offenses. Like a computer hard drive, cell phones contain personal information, contacts, text messages, photographs, and other data maintained in electronic form. Also as in Mitchell, the government in the instant case has offered no substantial justification for its failure to obtain the warrants for more than ninety days, well in excess of the twenty-one days in Mitchell. Indeed, the government has offered no justification at all for the delay. Rather, the government relies primarily on the argument that Defendant did not ask for the return of his property and on the contention that the cell phones could be detained because they possessed evidentiary value in and of themselves, regardless of any information contained within them. Govt. Brief at 7, [Doc. 485].

5

United States v. Stabile, relied upon by the government, is clearly distinguishable. In Stabile, the Third Circuit found a three-month delay in seeking a search warrant for hard drives not unreasonable where defendant consented to the initial seizure and did not even ask for return of the property for eighteen months thereafter. Stabile, 633 F.3d at 236. Indeed, the Court in Stabile distinguished Mitchell on the basis that, in Mitchell (as in the instant case), Defendant did not consent to the initial seizure, and on the basis that, unlike Mitchell, the government's rationale for delay in the case before it was reasonable. See also United States v. Emanuel, 440 F. App'x 881, 885-86 (11th Cir. 2011) (distinguishing Mitchell on the basis of consent). Furthermore, United States v. Johns, 469 U.S. 478, 479-80 (1985), cited by the Court in Stabile, is likewise inapposite. Johns involved a mere three-day delay in making a warrantless search of containers seized from vehicles and searched pursuant to the "automobile exception" to the warrant requirement with probable cause to believe they contained contraband. Johns, 469 U.S. at 479-80.

With regard to the absence of any request for return of the property, there is no evidence that such a request was made in this case, or, for that matter, in Mitchell. Because this fact was not discussed or noted in Mitchell, the failure to request return would not appear to have figured significantly, if at all, in the Court's

6

analysis. Likewise, the failure by Defendant to request return of his cell phones in this case should not change the result here.

As for the argument that the phones were evidence "in and of themselves" warranting indefinite detention, the government does not explain exactly how the phones would fall into such a category, or cite any authority for such a proposition. The phones were not in and of themselves contraband, nor was their evidentiary value readily apparent without regard to other information to be obtained from the phones. By extension of the government's logic, the hard drive in Mitchell could be considered evidence "in and of itself" subject to indefinite detention without a warrant because there was probable cause to believe it was used to facilitate the possession of child pornography.

Defendant certainly had a possessory interest in his personal property – his cell phones – that was significantly interfered with for more than ninety days, without Defendant's consent, before the government got around to obtaining a warrant. The fact that the Defendant was detained without bond and could not, himself, have accepted the return of the property does not equate with the government's right to exclude him or his designee from his property indefinitely without a warrant. Furthermore, the government has offered no justification or rationale for the delay. In short, the undersigned, applying the rule of reasonableness announced in

7

Mitchell, concludes that the government's delay in the instant case was certainly as unreasonable, if not more unreasonable, than was the delay in Mitchell under substantially similar circumstances.

Accordingly, the undersigned **RECOMMENDS** that the motions to suppress, [Docs. 362, 338], be **GRANTED** and that the evidence obtained from the cell phones be suppressed.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned as to this defendant, it is therefore **ORDERED** that this defendant be and is hereby **CERTIFIED** as ready for trial.[2]

**SO REPORTED AND RECOMMENDED,** this 10th day of February, 2012.

>   s/ *E. Clayton Scofield*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

---

[2] This Court observes that this defendant has been indicted with additional defendants and that matters pertaining to such co-defendants are still pending. Pursuant to 18 U.S.C. §3161 (h)(7) (the Speedy Trial Act), the time for commencing the trial of these defendants may be stayed until such time as all defendants have been certified ready for trial. Hence, it is not necessary to place the above-named defendant's case on the calendar for trial at this time.